**In re: Burton F. TUCKER, Petitioner.**

No. 09–2134.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
April 30, 2009.

Filed: May 19, 2009.

Burton F. Tucker, Waynesboro, PA, pro se.

Lorna N. Graham, Esq., Office of United States Attorney, Scranton, PA, for Respondent, United States Of America.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

On April 6, 2009, Burton F. Tucker filed this pro se mandamus petition pursuant to 28 U.S.C. § 1651, seeking an order that the District Court be compelled to act upon his pending Rule 60(b) motion. For the reasons that follow, we will deny the petition without prejudice.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief and that he has a "clear and indisputable" right to issuance of the writ. *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996).

As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir.1982). Indeed, given the discretionary nature of docket management, there can be no "clear and indisputable" right to have the district court handle a case on its docket in a certain manner. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Nonetheless, mandamus may be warranted where a district court's delay is tantamount to a failure to exercise jurisdiction. *See Madden*, 102 F.3d at 79. This case, however, does not present such a situation. Tucker filed his motion to

dismiss pursuant to Rule 60(b)(4) on January 16, 2009. The Government filed a brief in opposition to Tucker's motion on January 23, and Tucker filed his reply on February 4, 2009. Eight weeks passed before Tucker filed the instant mandamus petition with this Court. Such a delay in the disposition of Tucker's Rule 60(b) motion "does not yet rise to the level of a denial of due process." *See id.* (district court's delay of four months does not warrant mandamus relief).

Accordingly, we will deny Tucker's mandamus petition without prejudice.